UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2120-D

**Alan Andrew Mackety**,

    Petitioner,

v.

**Stephanie Hollembaek and United States of America**,

    Respondents.

**Memorandum & Recommendation**

Petitioner Alan Andrew Mackety, a federal inmate confined at Butner Low FCI, has filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 (D.E. 1). After reviewing Mackety's petition and documents in support of the petition, the undersigned recommends[1] that the court dismiss this action without prejudice.

**I.    Background**

Mackety pleaded guilty to three counts of sexual abuse under 18 U.S.C. § 2242(1)[2] in the United States District Court for the Western District of Michigan. *Mackety* v. *United States of Am.*, No. 1:12-CV-1180, (D.E. 13) (W.D.Mich. Nov. 4, 2013). On August 26, 2009, he was sentenced to a 300 month term of incarceration. *Id.* at 2. Mackety appealed, and the Sixth Circuit determined that his sentence was procedurally unreasonable, and, accordingly, remanded for re-sentencing. *Id.* At re-sentencing, Mackety again received a 300 month sentence. *Id.* Mackety did

---

[1] The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

[2] 28 U.S.C. § 2242(1) states: "[w]hoever, in the . . . territorial jurisdiction of the United States . . . causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping) . . . or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life."

not appeal his re-sentence. *Mackety*, No. 1:12-CV-1180, (D.E. 21). On October 29, 2012, Mackety filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Mackety*, No. 1:12-CV-1180, (D.E. 1). This motion was denied on November 4, 2013, and the Sixth Circuit denied Mackety's application for a certificate of appealability on June 3, 2014. *Mackety*, No. 1:12-CV-1180, (D.E. 21). The Supreme Court denied Mackety's petition for a writ of certiorari on January 12, 2015. *Mackety*, No. 1:12-CV-1180, (D.E. 23).

Mackety filed the instant petition on May 31, 2016, alleging that he is actually innocent. Pet. at 5–6, (D.E. 1). Specifically, he contends that the Supreme Court's ruling in *Elonis* v. *United States*, 135 S. Ct. 2001 (2015) renders his conviction invalid. *Id.*

## II. Section 2241 Petition

Although Mackety filed his petition under § 2241, he attacks the legality, as opposed to the execution, of his conviction and sentence. Mackety must challenge the legality of his conviction and sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); *Prousalis* v. *Moore*, 751 F.3d 272, 275 (4th Cir. 2014); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). If a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause contained in § 2255(e), the district court must dismiss the "unauthorized habeas motion … for lack of jurisdiction." *Rice* v. *Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

> Section 2255 is considered inadequate or ineffective when three conditions are met:
> 
> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

2

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). If Mackety cannot establish all three elements, then the court must dismiss his § 2241 petition for lack of jurisdiction. *Rice*, 617 F.3d at 807.

With respect to his claims, Mackety is unable to meet the second prong of the *Jones* test because the substantive law has not changed so that his conduct—sexual abuse—is no longer criminal. *See, e.g.*, *Rice*, 617 F.3d at 807. Therefore, the "conduct" of which Mackety was convicted remains criminal.

Under certain circumstances, a court may convert a § 2241 petition into a § 2255 motion. However, the court cannot do so here because Mackety has already sought relief under § 2255. A prisoner cannot bring a second or successive § 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see United States* v. *Winestock*, 340 F.3d 200, 204–05 (4th Cir. 2003).

Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. *In re Vial*, 115 F.3d at 1194 n.5. Mackety has not obtained permission from a court of appeals to pursue a second or successive habeas petition, and, in fact, said permission has already been denied. *Mackety*, No. 1:12-CV-1180, (D.E. 21). Therefore, Mackety cannot proceed under § 2241 or § 2255.

Moreover, even if this court were to consider the merits, Mackety's claim that he is actually innocent after the Supreme Court's decision in *Elonis* would fail. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup* v. *Delo*, 513 U.S. 298, 327

3

(1995). "[C]laims of actual innocence are rarely successful," *Schlup*, 513 U.S. at 324, and "should not be granted casually." *Wilson* v. *Greene*, 155 F.3d 396, 404 (4th Cir. 1998).

In *Elonis*, the Supreme Court interpreted 18 U.S.C. § 875(c), which makes it a crime to transmit in interstate commerce "any communication containing any threat ... to injure the person of another." 18 U.S.C. § 875(c). The Supreme Court held that negligence alone was insufficient to support a conviction under section 875(c) and that some showing of intent was required. *Elonis*, 135 S. Ct. at 2013. Here, Mackety argues that *Elonis* is applicable to his conviction because "[t]he record of Petitioner's plea colloquy conclusively demonstrates that the Government based its case on an alleged threat." Pet'r. Mem. at 7, (D.E. 1–1). Not only does this argument expand the applicability of *Elonis* beyond all logic, it distorts the underlying record. When he pleaded guilty, Mackety stipulated to the following facts:

> Between September of 2008 and November 22, 2008, the Defendant, who was a duly enrolled member of the Nottawaseppi Huron Band of Potawatomi Indians at the time, lived at [address] . . . which is on lands held in trust by the United States for the use and occupancy of the Nottawaseppi Huron Band of Potawatomi Indians. On one occasion during this time period, the Defendant took M.B. into his bedroom and took his clothes off, then proceeded to take her clothes off and performed the following sexual acts: [] placed his mouth in . . . M.B.'s vulva; [] had M.B. place her mouth on his penis; and [] penetrated M.B.'s vagina with his penis. Prior to this, the Defendant had threatened M.B. that if she told anyone about the sexual assaults, she would be taken away from her mother, and she and her stepbrother would then be placed in foster care. M. B. was thirteen years of age at the time of the incident. In February of 2009, during a phone call to his wife, the Defendant admitted to sexually assaulting M.B.

*Mackety*, No. 1:12-CV-1180, (D.E. 21) at p. 2.

Thus, it is clear Mackety stipulated to intentionally communicating a threat and, therefore, *Elonis* is inapplicable. Petitioner's own self-serving and belated protests of innocence, despite his own prior admission to the crimes, are not sufficient to meet the actual innocence standard, and Mackety's claims are without merit.

4

For these reasons, the undersigned recommends that the district court dismiss Mackety's § 2241 petition without prejudice.

**III.    Conclusion**

In sum, it is recommended that the district court dismiss Mackety's § 2241 petition for a writ of habeas corpus (D.E. 1) without prejudice.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

**Memorandum and Recommendation.** *See Wright* v. *Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: February 24, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge