IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2120-D

ALAN ANDREW MACKETY,  )
                     )
            Petitioner, )
                     )
v.                   )        **ORDER**
                     )
STEPHANIE HOLLEMBAEK, and )
UNITED STATES OF AMERICA, )
                     )
            Respondents. )

On February 24, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 5]. In that M&R, Judge Numbers recommended that the court dismiss Alan Andrew Mackety's ("Mackety") 28 U.S.C. § 2241 petition. Mackety filed objections to the M&R [D.E. 6].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the

magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis and quotation omitted).

Mackety's objections reiterate arguments stated in his petition, and his objections do not meaningfully rebut Judge Numbers' recommendations. Compare [D.E. 1-1] 14–24, with [D.E. 6] 1–7. Because Mackety's boilerplate objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Mackety's objections lack merit. Mackety pleaded guilty to three counts of sexual abuse under 18 U.S.C. § 2242(1) in the United States District Court for the Western District of Michigan. See United States v. Mackety, 650 F.3d 621, 622 (6th Cir. 2011).[1] On August 26, 2009, he was sentenced to 300 months' imprisonment. Id. at 623; United States v. Mackety, No. 1:09-cr-92-RJJ (W.D. Mich. Aug. 26, 2009) [D.E. 40]. Mackety appealed, and the Sixth Circuit held that his sentence was procedurally unreasonable and remanded for re-sentencing. Mackety, 650 F.3d at 624–28. On October 13, 2011, Mackety again received a 300-month sentence. United States v. Mackety, No. 1:09-cr-92-RJJ (W.D. Mich. Oct. 13, 2011) [D.E. 69]. Mackety did not appeal.

On October 29, 2012, Mackety filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mackety v. United States, No. 1:12-cv-1180-RJJ (W.D. Mich. Oct. 29, 2012) [D.E. 1]. The court denied the motion was denied, and the Sixth Circuit denied

---

[1] Section 2242(1) states: "[w]hoever, in the ... territorial jurisdiction of the United States ... causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping) ... or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life."

2

Mackety's application for a certificate of appealability. Mackety v. United States, No. 1:12-cv-1180-RJJ (W.D. Mich. Nov. 14, 2013) [D.E. 13]; Mackety v. United States, No. 1:12-cv-1180-RJJ (W.D. Mich. June 3, 2014) [D.E. 21]. On January 12, 2015, the Supreme Court denied Mackety's petition for a writ of certiorari. Mackety v. United States, 135 S. Ct. 978 (2015).

On May 31, 2016, Mackety filed his petition under 28 U.S.C. § 2241, alleging that Elonis v. United States, 135 S. Ct. 2001 (2015), renders his conviction invalid. In Elonis, the Supreme Court interpreted 18 U.S.C. § 875(c), which makes it a crime to transmit in interstate commerce "any communication containing any threat . . . to injure the person of another." 18 U.S.C. § 875(c). The Supreme Court held that negligence was insufficient to support a conviction under section 875(c) and that a higher showing of intent was required. Elonis, 135 S. Ct. at 2013. Mackety argues that Elonis applies to his conviction because "[t]he record of Petitioner's plea colloquy conclusively demonstrates that the Government based its case on an alleged threat." Pet'r. Mem. [D.E. 1-1] 7.

Although Mackety filed the current action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his sentence. The court may consider a section 2241 motion challenging the legality of Mackety's conviction and sentence only if "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Rice v. Rivera, 617 F.3d 802, 806–08 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 332–34 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Because Mackety has already filed one section 2255 motion and the Sixth Circuit has not authorized him to file another, he is procedurally barred from raising his claims in a section 2255 motion. See 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. See, e.g., Vial, 115 F.3d at 1194 n.5. Rather, section

3

2255 is inadequate or ineffective when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [section] 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34. Even after Elonis, the conduct to which Mackety pleaded guilty—sexual abuse—remains criminal. Thus, Mackety cannot establish that section 2255 is inadequate or ineffective.

Finally, even if the court considered the merits of Mackety's petition, his argument fails. Mackety's argument that he is actually innocent in light of Elonis is belied by the stipulation in his plea agreement. In his plea agreement, he stipulated to the following facts:

> Between September of 2008 and November 22, 2008, the Defendant, who was a duly enrolled member of the Nottawaseppi Huron Band of Potawatomi Indians at the time, lived at [address] . . . which is on lands held in trust by the United States for the use and occupancy of the Nottawaseppi Huron Band of Potawatomi Indians. On one occasion during this time period, the Defendant took M.B. into his bedroom and took his clothes off, then proceeded to take her clothes off and performed the following sexual acts: [] placed his mouth in . . . M.B.'s vulva; [] had M.B. place her mouth on his penis; and [] penetrated M.B.'s vagina with his penis. Prior to this, the Defendant had threatened M.B. that if she told anyone about the sexual assaults, she would be taken away from her mother, and she and her stepbrother would then be placed in foster care. M.B. was thirteen years of age at the time of the incident. In February of 2009, during a phone call to his wife, the Defendant admitted to sexually assaulting M.B.

Mackety, 650 F.3d at 622. Mackety's sworn guilty plea (including the stipulation in the plea agreement) forecloses his contention that he is actually innocent of sexual abuse or that he did not threaten the victim. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In sum, after reviewing the M&R, the record, and Mackety's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Mackety's objections [D.E. 6] are

4

OVERRULED, and the court adopts the conclusions in the M&R [D.E. 5]. Mackety's petition [D.E. 1] is DISMISSED without prejudice, and the court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This _18_ day of March 2017.

JAMES C. DEVER III
Chief United States District Judge